Complainant has brought this suit to foreclose a mortgage on certain premises in Glen Rock. The mortgage was made in 1924 and has been renewed numerous times since, after assignment thereof to complainant. The mortgagor executed a second mortgage in 1929 and conveyed the premises to Hollywood Realty Company, the present owner. In 1932, the second mortgage was assigned to defendant Alonzo De Voe. Later the same year defendant De Voe took a certificate of sale from the collector of taxes of Glen Rock for the 1931 taxes. This certificate was not recorded until October 22d 1938, shortly before the institution of this suit. It is the contention of De Voe that his tax certificate for the 1931 taxes has priority over complainant's mortgage, and that he is further entitled to the amount of taxes paid by him personally from 1932 until 1938.
The question of priority of the tax certificate depends upon the construction to be given the relevant statutes under the *Page 156 
circumstances desclosed here. The relevant statute as now embodied in R.S. 54:5-51, reads as follows:
"When the certificate of sale is not made to the municipality, it shall, unless so recorded within three months of the date of sale, be void as against a bona fide purchaser, lessee or mortgagee whose deed, lease or mortgage is recorded before the recording of the certificate."
It is defendant's contention that the statute has no bearing on his failure to record the tax certificate for some six years, since complainant's mortgage was made many years before, and therefore in no sense could complainant be considered a bonafide purchaser or mortgagee. This contention, in my opinion, is unsound in view of the facts shown at the hearing. Besides being the assignee of the second mortgage, De Voe was a rent collector for the Hollywood Company, the owner of the fee. Although he claims to have been mortgagee in possession under his second mortgage from 1932 on, it was shown that he gave rent receipts in the name of the Hollywood Company as its agent. In 1936, De Voe applied to complainant for an extension of the first mortgage, which was granted to the Hollywood Company upon De Voe's statement to complainant and his attorney that all the taxes on the premises had been paid to date. Complainant, at the time, made no search, and if had done so, would not have found De Voe's tax title certificate, since it had not been recorded and was not recorded until two years later. Complainant, by giving the extension, did, in fact, part with a valuable consideration, namely, the right of immediate payment of the mortgage. Complainant was not chargeable with constructive notice of the tax lien certificate because it was not recorded within the three months provided in the statute, and was lulled into a sense of security by defendant's statement that all taxes had been paid to date. In my opinion, the transaction came within the prohibition of the statute, and the tax lien certificate became void as against complainant. In addition, I consider that De Voe's conduct was such as to estop him from asserting his tax title. It seems evident that *Page 157 
if complainant had known the facts, no extension of the mortgage would have been granted.
The second contention of defendant De Voe is equally untenable. It is true that from 1932 to 1938 De Voe personally made payment of the taxes on the premises and took receipts therefor, made out in his personal name. But it was also a fact that during this time De Voe was a collection agent for the Hollywood Realty Company and that in numerous instances, at least, he collected rents and gave receipts in the name of the Hollywood Company as owner. His testimony was that he was really acting as second mortgagee in possession. He states that he personally received and treated all the rents as his personal property and that none of the rents reached the Hollywood Company, the totals being insufficient to pay interest, taxes and repairs. Even if it be true that he was acting as mortgagee in possession, which is very doubtful in view of his purporting to collect for the Hollywood Company on numerous occasions, it does not appear that complainant knew this or was dealing with any one except the Hollywood Company. Under the circumstances, De Voe's claims for taxes for the years 1932 to 1938 must, of course, fail.
A decree will be advised for the relief prayed for in the bill and dismissing defendant's counter-claim. *Page 158